UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13cr307-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PRELIMINARY ORDER |
| v. ) | OF FORFEITURE |
| ) | |
| SHAHID HASSAN MUSLIM, ) | |
| ) | |
| Defendant. ) | |

In the Second Superseding Bill of Indictment in this case, the United States sought forfeiture of property that was used or intended to be used to commit or promote the crime(s) charged, which would be subject to forfeiture under 18 U.S.C. § 2253.

Defendant was convicted at trial by the jury on Count Three in the Second Superseding Bill of Indictment and was adjudged guilty of the offense charged in that count.

Based on evidence already in the record, including the Defendant's conviction and trial evidence on the use of the HP Laptop to store the child pornography video which was the subject at trial as to Count Three, the Government has established the requisite nexus between the property and such offenses.

It is therefore ORDERED:

1. Based upon Defendant's conviction and the trial evidence, the United States is authorized to maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending

final adjudication herein:

**One HP Laptop, serial number CND9115X50 seized during the investigation of this matter.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no petitions are filed, this Order shall become final by operation of law as provided for in Fed. R. Crim. P. 32.2(c)(2)

Signed: September 29, 2014

Robert J. Conrad, Jr.
United States District Judge