IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CR-307-RJC-DCK

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| SHAHID HASSAN MUSLIM, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on the "Right To Counsel Memorandum And Motion For Reversal Of Wrongful Convictions And Dismissal Of Indictment And Dismissal Of Any Present Or Future Constitutionally Deficient Counsel" (Document No. 120), filed *pro se* by Defendant Shahid Hassan Muslim on September 3, 2015. The Court will address this motion as a request to appoint new counsel and to reverse his conviction and dismiss the indictment. For the reasons stated below, the Defendant's motion is denied.

The Court will first address the issue of counsel. The record of this case amply demonstrates that the Defendant has had repeated difficulties with his appointed counsel in this matter, and in fact, Richard Beam is the Defendant's fourth appointed lawyer. While the substitution of his first appointed counsel was due to a conflict issue, the other substitutions have resulted from the Defendant's inability to work with his lawyers and the resulting disintegration of the attorney-client relationship in each instance.

Sadly, there is no surprise in seeing Mr. Muslim back yet again, claiming before the Court that Mr. Beam is ineffective and should be replaced. The Court conducted a hearing on September 21, 2015, which while addressed to other motions (Document Nos. 116, 117), could as easily have been about this motion as well. For the reasons stated in open court at the conclusion of that

hearing, the Defendant's motion to substitute new appointed counsel for Mr. Beam is <u>denied</u>. As explained at that hearing, the familiar standard for such motions set forth in <u>United States v. Mullen</u> has not been met. It is respectfully suggested that the Defendant might direct his intellect and considerable energy toward working cooperatively with Mr. Beam to aid in his defense, rather than serially requesting new counsel.

The Defendant's *pro se* filing also includes what the Court will treat as a motion to reverse his conviction and to dismiss the indictment. The record is replete with motions that the Defendant has authored and filed *pro se* notwithstanding that he was represented by court-appointed counsel at the time. As the Court has repeatedly told the Defendant, it has long been the approach of this Court, in cases in which the Defendant is represented by court-appointed counsel, to address only those motions made through that court-appointed counsel. Thus, consistent with that approach, the Defendant's *pro se* request to reverse his conviction and to dismiss the indictment is <u>denied without prejudice</u> to bring the motion again in cooperation with his appointed counsel.

**IT IS THEREFORE ORDERED** that the portion of the Defendant's motion (Document No. 120) seeking the appointment of new counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the portion of the Defendant's motion (Document No. 120) requesting a reversal of his conviction and dismissal of the indictment is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: October 5, 2015

David C. Keesler
United States Magistrate Judge