IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00307-RJC-DCK

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SHAHID HASSAN MUSLIM ) | |
| ) | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit for additional proceedings. (Doc. No. 189: Order).

Title 28, United States Code, Section 753(b) requires a court reporter to produce and certify transcripts as requested from the original verbatim recording of court proceedings, which may be by shorthand, mechanical means, electronic sound recording, or other approved method. Such a certified transcript is "deemed prima facie a correct statement of the testimony taken and proceedings had." Id. Federal Rule of Appellate Procedure 10(e) requires the district court to settle any alleged difference between the resulting transcripts and what occurred in court, but the rule does not require the district court to hold an evidentiary hearing. United States v. Pagán-Ferrer, 736 F.3d 573, 582 (1st Cir. 2013) (citing United States v. Brika, 416 F.3d 514, 530 (6th Cir. 2005)).

Here, the defendant claims that portions of the transcripts of proceedings in this Court are inaccurate based on altered, added, or omitted testimony or statements. (Doc. No. 189-1: Motion). He identifies seventeen instances where he claims the transcripts are materially incorrect. In response to this Court's Order, (Doc. No. 190), the official court reporter compared the challenged portions of the transcripts with her preserved original stenographic notes and

certified that the transcripts "do not contain any omissions, additions, or altered testimony or statements." (Doc. No. 191: Response).

The Court, which presided over all the proceedings at issue in the defendant's motion, has likewise reviewed each challenged portion of the transcript. Based on its own recollection of the trial and other proceedings, the Court finds that the previously filed official transcripts truly disclose what occurred in district court. Additionally, the defendant's claims are not supported by any proffered evidence, such as an affidavit from trial counsel regarding his objections allegedly omitted from or added to the transcripts. (Compare Doc. No. 189-1: Motion at ¶ 6 (asserting that counsel did not object when L.G. testified that A.G. told her "she had an abortion from [the defendant]" with Doc. No. 128: Trial Tr. at 156 (recording that the Court sustained counsel's objection, granted his motion to strike, and instructed the jury to disregard the testimony)). Accordingly, the Court further finds that the defendant has not established the need for an evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for Correction or Modification of the Record, (Doc. No. 189-1), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, defendant's appellate counsel, the United States Attorney, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

Signed: December 18, 2017

Robert J. Conrad, Jr.
United States District Judge